MICHELE BECKWITH
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-CV-00889-TLN-JDP |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 15999 RIVER ROAD, GUERNEVILLE, CALIFORNIA, SONOMA COUNTY, APN: 070-050-032-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL., | |
| Defendants. | |

The United States and claimants Matthew Gillum and Shauna Barnard hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal case, *United States v. Matthew Gillum*, Case No. 2:25-CR-0053-TLN.

1.      This is a forfeiture *in rem* action against riverfront property in Guerneville, California (the "Guerneville Property") and a promissory note secured by real property located at 2930 Locan Avenue in Clovis, California (the "Promissory Note") (collectively, the "defendant assets") because the defendant assets were allegedly purchased with drug proceeds that were illegally laundered in violation of federal drug and money laundering laws.  Matthew Gillum, as Trustee of the Gillum

Family Protection Trust, filed a claim asserting an ownership interest in the defendant Guerneville Property.  Shauna Barnard filed a claim asserting an ownership interest in the defendant Promissory Note.

2.    The parties jointly request the matter be stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant assets represent proceeds of drug sales in violation of 21 U.S.C. § 841, as well as property involved in money laundering transactions in violation of 18 U.S.C. §§ 1956-57.  Claimants deny these allegations.

3.    To date in the companion criminal case, Matthew Gillum has been charged with federal crimes related to a series of money laundering transactions involving the proceeds of illegal drugs, *United States v. Matthew Gillum*, Case No. 2:25-CR-0053-TLN (the "related criminal case").  The United States intends to depose the claimants (and others) regarding their ownership of the defendant assets, as well as their knowledge and participation in Matthew Gillum's alleged crimes involving the defendant assets.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant assets or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4.    In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Federal Bureau of Investigation ("FBI").  Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

5.    The parties recognize that proceeding with these actions has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture.  For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal case.  At that time, the parties will advise the court of the status of the related criminal case, if any, and will advise the court whether a further stay is necessary.

6.    If any of the defendant assets go into default, the parties reserve all rights, including the

1  right to seek all avenues of redress to preserve the value of the assets, including filing a motion for

2  interlocutory sale or seeking a receiver appointment—or modification of an existing appointment—to

3  collect rents and maintain the property.

4  Dated: 5/21/2025                              MICHELE BECKWITH
                                                 Acting United States Attorney
5
                                        By:      /s/ Kevin C. Khasigian
6                                                KEVIN C. KHASIGIAN
                                                 Assistant U.S. Attorney
7

8  Dated: 5/19/2025                              /s/ David A. Blair
                                                 DAVID A. BLAIR
9                                                Attorney for claimant Matthew Gillum

10

11 Dated: 5/19/2025                              /s/ Matthew B. Hodroff
                                                 MATTHEW B. HODROFF
12                                               Attorney for claimant Shauna Barnard

13                                               (Signatures authorized by email)

14

15                                    **ORDER**

16      For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1),

17 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of related criminal case, *United States v. Matthew*

18 *Gillum*, Case No. 2:25-CR-0053-TLN.  The parties shall file a joint status report within thirty days of

19 the conclusion of the parallel criminal case, or as the Court deems appropriate.

20

21      IT IS SO ORDERED

22 Dated: May 22, 2025

23                                               _____

24                                               Troy L. Nunley
                                                 Chief United States District Judge
25

26

27

28

3